Opinion filed February 4, 2010 











 
 
  
 
 







 
 
  
 
 




Opinion filed February 4, 2010 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00330-CR

                                                    __________

 

                                        JACOB A. JONES, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                        Callahan
County, Texas

 

                                                     Trial
Court Cause No. 6710

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
jury convicted Jacob A. Jones of retaliation, found the enhancement allegation
to be true, and assessed his punishment at confinement for seventeen years.  We
dismiss.








Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has been filed. 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d 173
(Tex. App.CEastland
2005, no pet.).

In
his response, appellant contends that the videotape made by Clyde Police
Officer Eric Shane Howard and introduced as State=s
Exhibit No. 1 had been tampered with or altered.  He also challenges evidence
admitted at the punishment phase.  He contends that the recording of a
telephone conversation he made while confined in 2008 in which he threatened to
beat a woman once he was released from jail was not admissible.  He also
appears to challenge the evidence of the offense alleged in the enhancement
paragraph of the indictment.

The
Texas Court of Criminal Appeals stated in Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review
appellant=s pro se
claims and examine the record in order to determine whether the record reflects
no reversible error and the appeal should be dismissed or whether arguable
grounds exist and new counsel should be appointed.  We have complied with the
requirements in Bledsoe and have found no reversible error.

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

February 4, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.